## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: | * |
| | * |
| **KIM-OANH RIFE** | *   **Case No. 19-13910-KHK** |
| | *   Chapter 7 |
| | * |
| Debtors. | * |

## TRUSTEE'S OBJECTION TO EXEMPTION

Donald F. King, the Chapter 7 trustee in the above captioned case ("**Trustee**"), by counsel, files this objection to exemptions claimed by Kim-Oanh Rife ("**Debtor**"), and, in support thereof, states as follows:

1. The Trustee is the duly qualified and acting Chapter 7 trustee for this estate.

2. The Debtor owns as tenants by the entirety certain real property located at 15012 Gaffney Circle, Gainesville, Virginia (the "**Property**").  According to the Debtor's Schedule F, the Debtor has approximately $75,537.47 of joint priority unsecured debt.

3. The Trustee requested credit bureau reports ("**Credit Reports**") for the Debtor and the Debtor's spouse at the meeting of creditors held on December 23, 2019, for the purpose of confirming whether any other joint debts existed.  To date, the Trustee has not received the Credit Reports.

4. Pursuant to the Debtor's Schedule C, the Debtor claims an exemption in the Property in the amount of $207,500.00 based upon 11 U.S.C. § 522(b)(3)(B).  Section 522(b)(3)(B) does not allow for an exemption in the amount of $207,500.00 or any other

---

**DONALD F. KING (VSB NO. 23125)**
**Counsel for Trustee**
**ODIN FELDMAN & PITTLEMAN PC**
**1775 Wiehle Avenue, Suite 400**
**Reston, Virginia 20190**
**Direct: 703-218-2116**
**Fax:     703-218-2160**
**E-Mail: DONKING@ofplaw.com**

2

specific dollar amount.  Rather, § 522(b)(3)(B) stands for the proposition that, under the Bankruptcy Code, property owned by a husband and wife as tenants by the entirety is exempt from individual claims against either the husband or the wife if applicable state law provides for such an exemption.

4. In this case, the applicable law is Virginia.  Under Virginia law, property owned by a husband and wife as tenants by the entirety is protected from the claims of individual (as opposed to joint) creditors.  In this case, however, the Debtor is not entitled to an exemption if joint debts exist.  Accordingly, the Debtor's exemption is improper and not authorized by law.

WHEREFORE, Donald F. King, Trustee, by counsel, requests that this Court enter an order:  (i) disallowing the Debtor's exemption in the amount of $207,500.00 based upon 11 U.S.C. § 522(b)(3)(B), (ii) disallowing the Debtor's exemption of the Property under § 522(b)(3)(B) and applicable Virginia law as to any joint debts, and (iii) for such other and further relief as this Court deems just and proper.

**Respectfully Submitted,**

**DONALD F. KING, TRUSTEE**
**By Counsel**

**By:**      */s/ Donald F. King*
**Donald F. King (VSB No. 23125)**
**Counsel for Trustee**
**ODIN FELDMAN & PITTLEMAN PC**
**1775 Wiehle Avenue, Suite 400**
**Reston, Virginia 20190**
**Phone: 703-218-2116**
**Fax:    703-218-2160**
**Email:  donking@ofplaw.com**

3

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this Objection was served on January 22, 2020, upon all registered users pursuant to this Court's CM/ECF procedures.

*/s/ Donald F. King*
**Donald F. King**

#4520894v1  31070/00001