UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| In re:<br>   Kim-Oanh Rife | Case Number 19-13910-KHK<br>Chapter 7 |
|---|---|

# Debtor's Response to Trustee's Objection to Exemption

Debtor Kim-Oanh Rife has no basis to oppose Trustee's Objection to Exemption.

Trustee Donald King states the obvious. The tenancy by entireties exemption of protects entireties property from non-joint creditors. That's true by its terms; Trustee's objection is in the nature of seeking a comfort order.

Trustee King's objection, though, serves a very important purpose. It signals the intention of the trustee to pay through Ms. Rife's Chapter 7 case the joint tax liability of the Debtor and her husband, James Newton, which is already being paid through the husband's confirmed plan, in his Chapter 13 case. (Newton, James L C13 #18-13046-BFK.)

Debtor's Response, pg 1 of 6.

**What is The Joint Tax Liability?**

The IRS Proof of Claim in the Newton case shows $78,264.38 in secured claims and $11,158.44 priority. Those are scheduled to be paid in full (the secured portion at 5% interest) through the Newton Chapter 13 case. As of 2/19/2020, Trustee Thomas Gorman's interim report shows just under $25,000 has been paid to the IRS so far. (Secured $24,261.20; priority $656.70.)

The IRS also scheduled $273.47 general unsecured. Chapter 13 Trustee Thomas Gorman has that scheduled to be paid $16.41.

**Is There Cause for Relief from Stay?**

At some point, Trustee King would come into the James Newton Chapter 13 as a joint owner of the estate property, seeking relief from stay in order to sell that estate property.

Is there cause for relief from the stay?

Because the code has no definition of cause, relief from stay is at the *discretion* of the bankruptcy court, on a *case by case* basis. Usually the co-owner is granted relief, Especially when the debtor is depriving the co-owner of the benefit of the co-ownership.

Here Trustee King would be proposing to use his co-ownership to to pay the debts that Newton is already paying. While the Trustee is certainly acting appropriately to take actions that generate commissions, that benefit to the Trustee is not cause to sell. The

Trustee is standing in the shoes of the real party at interest, the IRS. What's the benefit to the IRS?

The IRS, the real party at interest, is not deprived. The IRS is obtaining benefit right now from its secured interest in the the equity in the real estate.

Because of the equity, and the recorded tax liens, the IRS claim of $78,000 is being paid 5% interest in the Newton Chapter 13.

The IRS would be paid more quickly at a Chapter 7 liquidation, But they are getting payments, with 5% interest, now. The IRS is not suffering irreparable harm as a result of their treatment in Newton's Chapter 13.

**What is the Trustee's Fiduciary Duty?**

Slightly different factors constrain the Trustee's course of action in the pending Chapter 7 case.

A chapter 7 trustee's duties include "collect[ing] and reduc[ing] to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with **the best interests of the parties in interest**[.]" 11 U.S.C. § 704(a)(1) (emphasis added).  Skubal v. McCarthy, Civil No. 1:17-cv-936 (AJT/TCB), Docket No. 10, p. 11.

The central insight of the Skubal is that the debtor is one of the parties at interest for whom the Trustee owes a duty. Of course in the Skubal case the court ultimately held that paying a debt, even a non-

Debtor's Response,  pg 3 of 6.

dischargable debt, is a benefit to the debtor.

Here, though, any benefit to the debtor is far more attenuated. The debt is non-dischargable. The debt is secured. The debt is being paid.

Here, at some point, the court will need to weigh that attenuated benefit against an enormous loss. Kim-Oanh Rife will suffer an enormous loss of exempt equity: legal fees in obtaining relief from stay—if obtained—in the Newton case, real estate commissions, trustee commissions, and legal fees in the sale of the property.

That loss—maybe $50,000—is balanced against the interest of the IRS in obtaining payment in late 2020, or early 2021, as opposed to being paid at interest, between now and 2023.

Finally, the interests of James Newton factor into the analysis for a second time. Similar to his interest in the relief from stay question, James Newton appears again as co-owner of property in a proposed sale under 11 USC § 363(b)(1). To prevail, Trustee King must show that the benefit to the estate outweighs the determent to Newton. The estate is the money needed to pay IRS claim which Newton is currently paying under the confirmed plan in his Chapter 13—it's hard to see how the benefit to that estate outweighs the determent to James Newton, who is in fact paying.

**Of Course Most Chapter 13's Fail**

It is legitimate to ask what happens to the IRS if Newton's

Chapter 13 plan fails. The IRS retains their security interest. The IRS debts remain non-discharged as to both Kim-Oanh Rife and James Newton. And the IRS is still able to look to the equity cushion in the real estate of over $130,000.

**A Helpful Analogy**

Married Debtors often come into Chapter 13, with entireties real estate equity and no joint unsecured debts. They might have a joint *secured* debt, such as a car. No one suggests the Chapter 7 Trustee can sell the entireties real estate to pay off the car—even if the car is under-secured by three or five or ten thousand dollars.

The duty of the Trustee to fair dealing with the debtors precludes that over-reaching. Essentially the same analysis applies here.

*Respectfully Submitted*

KIM-OANH RIFE

By /s/ Robert R. Weed

Law Offices of Robert R. Weed
Robert R. Weed, VSB #24646

Attorney for Kim-Oanh Rife

13800 Coppermine Rd

Herndon VA 20176
Phone: 703-335-7793

robertweed@robertweed.com

## Certificate of Service

I certify that I served a copy of the foregoing, by electronic means through the ECF system, on Donald F King, Trustee and on the Office of the US Trustee on March 6, 2020.

By /s/ Robert R. Weed